UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 25-CR-246 (JMB/SGE))

_____

United States of America,

       Plaintiff,

                                **MOTION IN LIMINE**

v.

Roberto Munoz-Guatemala,
           Defendant.

_____

## MOTION

Defendant Roberto Munoz-Guatemala, through his attorney, Eric L. Newmark, respectfully moves this Honorable Court for an Order prohibiting the Government from offering evidence, or eliciting testimony, referring to defendant as a "sex offender" or offering evidence to impeach defendant with a prior conviction for a sex offense should Defendant testify.

## ARGUMENT

In this case, the Government seeks to impeach the defendant, and this Court must apply Fed. R. Evid. 609.[1]  Fed. R. Evid. 609 provides that a criminal conviction punishable by death or imprisonment of more than one year must be admitted in a criminal case in which the defendant is a witness, if the probative value of the evidence outweighs its prejudicial effect.  Fed. R. Evid. 609(a)(1)(B).  This contrasts with the rule relating to a witness who is not the defendant in a criminal case, where the evidence must

_____

[1] During the meet and confer, the government affirmed it does not intent to offer this evidence in its case and chief.

be admitted subject to Fed. R. Evid. 403. The limitation in Rule 403 permits a court to exclude such evidence "if its probative value is substantially outweighed by a danger of ... unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

In considering whether to admit evidence of a prior conviction to impeach a witness, the "weighing of the probative value against prejudicial effect is committed to the sound discretion of the trial Court" *United States v. Chaika*, 695 F.3d 741, 744 (8th Cir .2012), quoting *United States v. Foley*, 683 F.2d 273, 278 (8th Cir.), *cert. denied* 459 U.S. 1043, 103 S.Ct. 463, 74 L.Ed.2d 613 (1982.)

In *Chaika*, the Court affirmed the district court's decision to exclude evidence or a prior sex offense to impeach a witness in a criminal case.  In that case, the defendant sought to impeach a cooperating defendant with evidence of a prior felony sex offense conviction.  *Id.* at 744. The district court "carefully balanced the probative value and the risk of unfair prejudice" and denied its admission.  *Id*. at 745.  Citing a long line of decisions from other circuits upholding exclusions of a witness' prior sexual offenses, where that impeachment with the prior sexual offense would be unfairly prejudicial, the offense had minimal relevance to the witness's **,** honesty, and the defendant had ample other bases to challenge the witness's truthfulness, the Court noted that the witnesses "prior sexual offense was unrelated to the mortgage fraud at issue and did not require proof of 'a dishonest act or false statement' and excluded the evidence. *Id*. at 745-746.

Although *Chaika* involves the Court applying a 403 analysis, its reasoning applies this this case.   Indeed, the prejudice is more concerning regarding a defendant as opposed to a witness.  Here, there is little, if any, probative value on the issue of

defendant's truthfulness by introducing evidence of a prior sex offense, while the danger of prejudice is obvious. The 2022 conviction is not for a crime of dishonesty and is not probative on the issue of the truthfulness of the defendant.

No other type carries the stigma in society as do sex crimes and admission of such evidence will inflame the passions of the jury and impact the ability of the defendant to exercise his right to testify.

Accordingly, this Court should exercise its discretion and determine that any probative value is outweighed by its prejudicial effect.

This motion is brought pursuant to Fed. R. Evid. 401 and 403, as the evidence is irrelevant to the issues before the jury and any relevance is outweighed by the danger of unfair prejudice.

Dated: __11/17/2025_____       _/s/Eric L. Newmark____
                                       Eric L. Newmark MN Atty No. 259792)
                                       Attorney for Defendant
                                       1600 Hopkins Crossroad
                                       Minnetonka, MN 55305
                                       (612) 464-1161
                                       eric@newmarklawoffice.com