UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-246 (JMB/SGE)

UNITED STATES OF AMERICA,⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀Plaintiff,⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀PARTIES' JOINT PROPOSED
⠀⠀⠀⠀v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀JURY INSTRUCTIONS
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
ROBERTO CARLOS⠀⠀⠀⠀⠀⠀)
MUÑOZ-GUATEMALA,⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀Defendant.

The parties, by and through their undersigned attorneys, hereby respectfully requests that the Court use the attached proposed instructions of law, as designated, during its preliminary and final instructions to the jury, as well as during the trial of the above-captioned case. The parties reserve the right to submit additional proposed instructions.

Portions highlighted in blue reflect instructions that only the United States request. Portions highlighted in green reflect instructions that only Mr. Muñoz-Guatemala requests.

Dated: <u>November 17, 2025</u>⠀⠀⠀⠀Respectfully submitted,

⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀DANIEL N. ROSEN
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀United States Attorney

⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀<u>/s/ *Raphael B. Coburn*⠀⠀⠀⠀⠀⠀⠀</u>
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀BY: RAPHAEL B. COBURN
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀THOMAS CALHOUN-LOPEZ
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀Assistant United States Attorneys

⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀—and—

NEWMARK LAW OFFICE LLC

*/s/ Eric L. Newmark*
ERIC L. NEWMARK
Attorney for Mr. Muñoz-Guatemala

# Preliminary Instructions

# Before Opening Statements

JURY INSTRUCTION NO.  1.
## General:  Nature of Case, Nature of Indictment; Burden of Proof;
## Presumption of Innocence; Duty of Jury; Cautionary

Ladies and gentlemen:  I will take a few moments now to give you some initial instructions about this case and about your duties as jurors.  At the end of the trial, I will give you further instructions.  I may also give you instructions during the trial.  Unless I specifically tell you otherwise, all such instructions—both those I give you now and those I give you later—are equally binding on you and must be followed.

You must leave your cell phone, smart phone, iPhone, and any other wireless communication devices in the jury room during the trial, and you may only use them during breaks.  However, you are <u>not</u> allowed to have cell phones in the jury room during your deliberations.  You may give the cell phone to the [bailiff] [deputy clerk] for safekeeping just before you start to deliberate.  It will be returned to you when your deliberations are complete.

This is a criminal case brought against the defendant, Roberto Carlos Muñoz-Guatemala, by the United States government.  The defendant is charged with one count of assault on a federal officer with a dangerous or deadly weapon.

That charge is set forth in what is called an Indictment, which reads as follows:  *[read Indictment]*

You should understand an indictment is simply an accusation. It is not evidence of anything. The defendant has pleaded not guilty and is presumed to be innocent unless and until proved guilty beyond a reasonable doubt.

It will be your duty to decide from the evidence whether the defendant is guilty or not guilty of the crime charged. From the evidence, you will decide what the facts are. You are entitled to consider that evidence in light of your own observations and experiences in the affairs of life. You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts, but you must follow my instructions, whether you agree with them or not. You have taken an oath to do so.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

Finally, please remember that only this defendant, not anyone else, is on trial here, and that this defendant is on trial only for the crime charged, not for anything else.[1]

---

[1] Manual of Model Criminal Jury Instructions for the Eighth Circuit §1.01 (2023) (modified).

## JURY INSTRUCTION NO. 2.
## Elements of the Offense—Preliminary

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes charged, which the government must prove beyond a reasonable doubt to make its case.

As to Count 1 of the Indictment charging Mr. Muñoz-Guatemala with assault on a federal officer with a dangerous or deadly weapon and resulting in bodily injury, the crime has four elements which are:

*One*, the defendant forcibly assaulted Enforcement and Removal Operations Officer Jonathan Ross;

*Two*, the assault was done voluntarily and intentionally;

*Three*, the assault was (a) committed using a dangerous or deadly weapon or (b) resulted in bodily injury; and

*Four*, at the time of the assault, Enforcement and Removal Operations Officer Jonathan Ross was doing what he was employed by the federal government to do.

You should understand, however, that what I have just given you is only a preliminary outline. At the end of the trial, I will give you a final instruction on these matters. If there is any difference between what I just told you, and

what I tell you in the instructions I give you at the end of the trial, the instructions given at the end of the trial must govern you.[2]

---

[2] Manual of Model Criminal Jury Instructions for the Eighth Circuit, §§ 1.02, 6.18.111, (2023) (modified).

## JURY INSTRUCTION NO. 3.
## Evidence; Limitations

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses, documents, and other things received as exhibits, any facts that have been stipulated—that is, formally agreed to by the parties, and any facts that have been judicially noticed—that is, facts which I say you may, but are not required to, accept as true, even without evidence.

Certain things are not evidence. I will list those things for you now:

1.      Statements, arguments, questions, and comments by lawyers representing the parties in the case are not evidence.

2.      Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3.      Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

4.      Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for [a] [one] particular

purpose[s], and not for any other purpose.  I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence."  You are instructed that you should not be concerned with those terms.   The law makes no distinction between direct and circumstantial evidence.  You should give all evidence the weight and value you believe it is entitled to receive.[3]

---

[3] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 1.03 (2023).

# JURY INSTRUCTION NO. 4.
## Credibility of Witnesses

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony of any witness to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with other evidence that you believe.

[You must avoid bias, conscious or unconscious, based on a witness's race, color, ethnicity, national origin, religion, gender, gender identity, sexual orientation, disability, or economic circumstances in your determination(s) of credibility.][4]

---

[4] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 1.05 (2023).

JURY INSTRUCTION NO. 5.
**No Transcript Available—Note-Taking**

At the end of the trial, you must make your decision based on what you recall of the evidence.  You will not have a written transcript to consult, and it may not be practical for the court reporter to read back lengthy testimony.  You must pay close attention to the testimony as it is given.

[If you wish, however, you may take notes to help you remember what witnesses said.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  And do not let note-taking distract you so that you do not hear other answers by the witness.]

[When you leave at night, your notes will be secured and not read by anyone.][5]

_____

[5] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 1.06A (2023).

JURY INSTRUCTION NO. 6.
**Bench Conferences and Recesses**

During the trial it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.[6]

---

[6] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 1.07 (2023).

## JURY INSTRUCTION NO. 7.
## Conduct of the Jury

To ensure fairness, you as jurors must obey the following rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom do not let anyone tell you anything about the case, or about anyone involved with it [until the trial has ended and your verdict has been accepted by me]. If someone should try to talk to you about the case [during the trial], please report it to the [bailiff] [deputy clerk]. (Describe person.)

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side— even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness

does not speak to you when you pass in the hall, rides the elevator or the like, it is because they are not supposed to talk to or visit with you.

*Fifth*, it may be necessary for you to tell your family, close friends, teachers, coworkers, or employer about your participation in this trial. You can explain when you are required to be in court and can warn them not to ask you about this case, tell you anything they know or think they know about this case, or discuss this case in your presence. You must not communicate with anyone or post information about the parties, witnesses, participants, [claims] [charges], evidence, or anything else related to this case. You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you discuss the case with someone other than the other jurors during deliberations, it could create the perception that you have clearly decided the case or that you may be influenced in your verdict by their opinions. That would not be fair to the parties and it may result in the verdict being thrown out and the case having to be retried. During the trial, while you are in the courthouse and after you leave for the day, do not provide any information to anyone by any means about this case. Thus, for example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, computer, any online service, any text or instant messaging service, any Internet chat room, blog, or Website such as Facebook, TikTok, Instagram, YouTube, Twitter, or

any other way to communicate to anyone any information about this case until I accept your verdict.

*Sixth*, do not do any research—on the Internet, via electronic devices, in libraries, in the newspapers, or in any other way—or make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other device to search for or to view any place discussed in the testimony. Also, do not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge.

*Seventh*, do not read anything about this case, whether it is a news story, an article in print, something online, something on social media, or in any blog or app about this case or anyone involved with it. Do not listen to any radio, television, online, video, or other types of reports about the case or about anyone involved with it. [In fact, until the trial is over, I suggest that you avoid reading any news at all and avoid listening to any broadcasts of any kind, to include electronic kinds such as podcasts. I do not know whether there might be any news reports of this case, but if there are, you might inadvertently find yourself reading or listening to something before you could do anything about it. If you want, you can have your spouse or a friend clip out any stories and set them aside to give you after the trial is over.] I can assure you, however,

that by the time you have heard the evidence in this case, you will know what you need to return a just verdict.

The parties have a right to have the case decided only on evidence they know about and that has been introduced here in court. If you do some research or investigation or experiment that we don't know about, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process, including the oath to tell the truth and by cross-examination. All of the parties are entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide a case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Remember, you have taken an oath to abide by these rules and you must do so. [Failure to follow these instructions may result in the case having to be retried and could result in you being held in contempt.]

*Eighth*, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

*Ninth*, faithful performance by you of your duties as jurors is vital to the administration of justice. You should perform your duties without prejudice or fear, and solely from a fair and impartial consideration of the whole case.

[Our system of justice depends on jurors like you being able and willing to make careful and fair decisions. A first response is often like a reflex; it may be quick and automatic. Even though a quick response may not be the result of conscious thought, it may influence how we judge people or even how we remember or evaluate evidence. You must not decide this case based on personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases such as stereotypes, attitudes, or preferences that people may consciously reject but may express without conscious awareness, control, or intention. Take the time to reflect carefully and consciously about the evidence.][7]

---

[7] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 1.08 (2023).

JURY INSTRUCTION NO. 8.
**Outline of Trial**

The trial will proceed in the following manner:

First, the government['s] [attorney] will make an opening statement. Next the defendant's attorney may, but does not have to, make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The government will then present its evidence, and counsel for the defendant may cross-examine. Following the government's case, the defendant may, but does not have to, present evidence, testify, or call other witnesses. If the defendant calls witnesses, the government['s counsel] may cross-examine them.

After presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. [The Court] [I] will instruct you further on the law. After that you will retire to deliberate on your verdict.[8]

---

[8] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 1.09 (2023) (modified).

# Instructions for Use

# During Trial

## JURY INSTRUCTION NO. 9.
### Duties of Jury—Recesses

During this recess, and every other recess, you must not discuss this case with anyone, including the other jurors, members of your family, people involved in the trial, or anyone else.  Do not allow anyone to discuss the case with you or within your hearing.  Only you have been chosen as jurors in this case, and only you have sworn to uphold the law—no one else has been chosen to do this.  You should not even talk among yourselves about the case before you have heard all the evidence and the case has been submitted to you by me for deliberations, because it may affect your final decision.  If anyone tries to talk to you about the case, please let me know about it immediately.

When I say, "You must not discuss the case with anyone," I also mean do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

[Do not read any newspaper or other written account, watch any televised account, or listen to any radio program about this trial.  Do not conduct any electronic research or consult with any other sources about this case, the people involved in the case, or its general subject matter.  You must keep your mind open and free of outside information.  Only in this way will you be able to decide the case fairly, based solely on the testimony, evidence presented in this courtroom, and my instructions on the law.  If you decide this

case on anything else, you will have done an injustice. It would be a violation of your oath for you to base your decision on someone else's view or opinion, or upon other information you acquire outside the courtroom. It is very important that you follow these instructions.]

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.[9]

---

[9] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 2.01 (2023).

JURY INSTRUCTION NO.  10.
**Stipulated Facts**

The government and the defendant have stipulated—that is, they have agreed—that certain facts are as counsel have just stated.  You must therefore treat those facts as having been proved.[10]

---

[10] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 2.03 (2023).

JURY INSTRUCTION NO.  11.
**Transcript of Recorded Conversation**

As you have [also] heard, there is a transcript of the recording [I just mentioned] [you are about to hear]. That transcript also undertakes to identify the speakers engaged in the conversation.

The transcript is for the limited purpose of helping you follow the conversation as you listen to the recording, and also to help you keep track of the speakers. Differences in meaning between what you hear in the recording and read in the transcript may be caused by such things as the inflection in a speaker's voice. It is what you hear, however, and not what you read, that is the evidence.

[Whether the transcript correctly or incorrectly reflects the conversation or the identity of the speakers is entirely for you to decide based upon what you hear on the recording and what you have heard here about the preparation of the transcript, and upon your own examination of the transcript in relation to what you hear on the recording. If you decide that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.][11]

---

[11] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 2.06A (2023).

24

JURY INSTRUCTION NO.  12.
## Defendant's Prior Acts

You [are about to hear] [have heard] [evidence] [testimony] that the defendant was previously convicted of a Criminal Sexual Conduct in the Fourth Degree. You may consider this evidence only if you (unanimously) find it is more likely true than not true that the defendant committed the act. This is a lower standard than proof beyond a reasonable doubt. You decide that by considering all of the evidence relating to the alleged act, then deciding what evidence is more believable.

If you find that this evidence has not been proved, you must disregard it. If you find this evidence has been proved, then you may consider it only for the limited purpose of considering why law enforcement officers acted in the way that they did with respect to the defendant. You should give it the weight and value you believe it is entitled to receive.

Remember, even if you find that the defendant may have committed [a] similar [act] [acts] in the past, this is not evidence that [he] [she] committed such an act in this case. You may not convict a person simply because you believe [he] [she] may have committed similar acts in the past. The defendant

is on trial only for the crime[s] charged, and you may consider the evidence of prior acts only on the issue[s] stated above.[12]

---

[12] The highlighted paragraph should be given only upon request of the defendant.

JURY INSTRUCTION NO. 13.[13]
**Defendant's Testimony—Impeachment by Prior Conviction(s)**

[You [are about to hear] [have heard] evidence that the defendant was previously convicted of a crime. You may use that evidence only to help you decide whether to believe his testimony and how much weight to give it. The fact that the defendant was previously convicted of a crime does not mean that he committed the crimes charged here, and you must not use that evidence as any proof of the crimes charged in this case.][14]

---

[13] To be provided only if the defendant testifies during trial.

[14] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 2.16 (2023).

# Instructions for Use

# at the End of Trial

JURY INSTRUCTION NO. 14.
**Introduction**

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect.  I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now.  You must not single out some instructions and ignore others, because all are important.  [This is true even though some of those I gave you [at the beginning of or during] trial are not repeated here.]

[The instructions I am about to give you now [as well as those I gave you earlier] are in writing and will be available to you in the jury room.]  [I emphasize, however, that this does not mean they are more important than my earlier instructions.  Again, all instructions, whenever given and whether in writing or not, must be followed.][15]

---

[15] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 3.01 (2023).

JURY INSTRUCTION NO. 15.
**Duty of Jury**

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

You should not be influenced by any person's race, color, ethnicity, national origin, religion, gender, gender identity, sexual orientation, disability, or economic circumstances. You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, sympathy, or biases, including unconscious bias. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may express without conscious awareness, control, or intention. Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.[16]

---

[16] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 3.02 (2023).

## JURY INSTRUCTION NO. 16.
## Evidence; Limitations

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses [the documents and other things received as exhibits] [the facts that have been stipulated—this is, formally agreed to by the parties,] [the facts that have been judicially noticed this is, facts which I say you may, but are not required to, accept as true, even without evidence].

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence. I shall list those things again for you now:

1.      Statements, arguments, questions, and comments by lawyers representing the parties in the case are not evidence.

2.      Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3.      Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4.      Anything you saw or heard about this case outside the courtroom is not evidence.

Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.[17]

---

[17] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 3.03 (2023).

## JURY INSTRUCTION NO. 17.
## Evidence; Direct and Circumstantial

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms. The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.[18]

---

[18] Manual of Model Criminal Jury Instructions for the Eighth Circuit, §§ 1.03, 4.17 (2023).

JURY INSTRUCTION NO. 18.[19]
**Defendant's Testimony—Impeachment by Prior Conviction**

[You have heard evidence that the defendant was previously convicted of crimes. You may use that evidence only to help you decide whether to believe his testimony and how much weight to give it. The fact that the defendant was previously convicted of a crime does not mean that he committed the crimes charged here, and you must not use that evidence as any proof of the crimes charged in this case.][20]

---

[19] To be provided only if the defendant testified during trial.

[20] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 2.16 (2023).

# JURY INSTRUCTION NO. 19.[21]
## Credibility of Witnesses

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness' intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness' memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

[In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.]

---

[21] To be given only if the defendant testified at trial.

[You should judge the testimony of the defendant in the same manner as you judge the testimony of any other witness.][22]

---

[22] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 3.04 (2023).

JURY INSTRUCTION NO. 20.
**Opinion Evidence—Expert Witnesses**

You have heard testimony from persons described as experts. Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion.

Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.[23]

---

[23] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 4.10 (2023).

JURY INSTRUCTION NO.  21.
**Stipulated Facts**

[The government and the defendant have stipulated—that is, they have agreed—that certain facts are [as counsel have just stated] [as stated in exhibit number[s] <exhibit number(s)>].  You must therefore treat those facts as having been proved.[24]

---

[24] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 2.03 (2023).

JURY INSTRUCTION NO.  22.
**Defendant's Decision Not to Testify**
(*if applicable and requested by the defendant*)

[There is no burden upon a defendant to prove that he is innocent. Instead, the burden of proof remains on the prosecution throughout the trial. The fact that a defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdict.][25]

---

[25] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 4.01 (2023).

JURY INSTRUCTION NO. 23.[26]
**Description of Charges; Indictment Not Evidence;
Presumption of Innocence; Burden of Proof**

The Indictment in this case charges the defendant with assault on a federal officer with a dangerous or deadly weapon and resulting in bodily injury. The defendant has pleaded not guilty to that charge.

The Indictment is simply the document that formally charges the defendant with the crime for which he is on trial. The Indictment is not evidence. At the beginning of the trial, I instructed you that you must presume the defendant to be innocent. Thus, the defendant began the trial with a clean slate, with no evidence against him.

The presumption of innocence alone is sufficient to find the defendant not guilty and can be overcome only if the government proved during the trial, beyond a reasonable doubt, each element of the crime charged.

[There is no burden upon the defendant to prove that he is innocent. Instead, the burden of proof remains with the government throughout the trial.] [Accordingly, the fact that the defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdict.][27]

---

[26] Highlighted portions to be read only if requested by the defendant.

[27] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 3.05 (2023) (Single Defendant, Single Count).

JURY INSTRUCTION NO.  24.
**Reasonable Doubt**

Reasonable doubt is doubt based upon reason and common sense, and not doubt based on speculation.  A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions.  Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.  Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.[28]

---

[28] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 3.11 (2023).

JURY INSTRUCTION NO. 25.
**Indictment**

The Indictment in this case reads as follows:

## COUNT 1
(Assault on a Federal Officer with a Dangerous or Deadly Weapon or Resulting in Bodily Injury)

On or about June 17, 2025, in the State and District of Minnesota, the defendant,

**ROBERTO CARLOS MUÑOZ-GUATEMALA**,

did forcibly assault, resist, oppose, impede, intimidate, and interfere with an officer and employee of the United States and of any agency in any branch of the United States Government, that is, an agent from Enforcement and Removal Operations, while such officer and employee was engaged in and on account of the performance of his official duties, and in doing so, the defendant caused physical contact with the victim and inflicted bodily injury, or used a dangerous and deadly weapon, all in violation of Title 18, United States Code, Sections 111(a)(1) and 111(b).

## JURY INSTRUCTION NO. 26.
### Elements of the Offense—Assault on a Federal Officer with a Dangerous or Deadly Weapon or Resulting in Bodily Injury

The crime of assault on a federal officer with a dangerous or deadly weapon and resulting in bodily injury, as charged in Count 1 of the Indictment, has four elements, which are:

*One*, the defendant forcibly assaulted Enforcement and Removal Operations Officer Jonathan Ross;

*Two*, the assault was done voluntarily and intentionally;

*Three*, the assault was either committed using a dangerous or deadly weapon, or resulted in bodily injury, or both; and

*Four*, at the time of the assault, Enforcement and Removal Operations Officer Jonathan Ross was doing what he was employed by the federal government to do.

An "assault" is any intentional and voluntary attempt or threat to do injury to the person of another, when coupled with the apparent present ability to do so sufficient to put the person against whom the attempt is made in fear of immediate bodily harm.

"Forcibly" means by use of force. Physical force is sufficient but actual physical contact is not required. You may also find that a person who, in fact, has the present ability to inflict bodily harm upon another and who threatens

or attempts to inflict bodily harm upon such person acts forcibly. In such case, the threat must be a present one.

A "deadly and dangerous weapon" is an object used in a manner likely to endanger life or inflict serious bodily harm. A weapon intended to cause death or danger but that fails to do so because of a defective component is a deadly or dangerous weapon.

"Bodily injury" is (a) a cut, abrasion, bruise, burn, or disfigurement; (b) physical pain; (c) illness; (d) impairment of the function of a bodily member, organ, or mental faculty, or (e) any other injury to the body, no matter how temporary.

"Serious bodily harm" is more than a minor injury, but not necessarily injury creating a substantial likelihood of death.[29]

For you to find the defendant guilty of the crime of assault on a federal officer with a dangerous or deadly weapon and resulting in bodily injury, the government must prove all of these elements beyond a reasonable doubt; otherwise, you must find the defendant not guilty. [The defense requests the addition of the following language: To find the defendant guilty, all jurors must unanimously agree that the defendant used a dangerous or deadly weapon, or must unanimously agree that the assault resulted in bodily injury, or both.]

---

[29] *United States v. Moore*, 846 F.2d 1163, 1166 (8th Cir. 1988)

If you unanimously find these four elements have been proved beyond a reasonable doubt, then you must find the defendant guilty of the crime of assault on a federal officer with a dangerous or deadly weapon and resulting in bodily injury as charged in Count 1 of the Indictment; otherwise you must find the defendant not guilty of this crime.[30]

---

[30] Manual of Model Criminal Jury Instructions for the Eighth Circuit, §§ 1.02, 3.09, 6.18.111 (2023) (modified).

JURY INSTRUCTION NO.  27.
**Date of Crime Charged**

The Indictment charges that the alleged offenses occurred "on or about" June 17, 2025.  The government must prove that the offense happened reasonably close to that date but is not required to prove that the alleged offense happened on that exact date.[31]

---

[31] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 3.14 (2023).

JURY INSTRUCTION NO.  28.
**Proof of Intent or Knowledge**

Intent or knowledge may be proved like anything else.  You may consider any statements made and acts done by the defendant, and all the facts and circumstances in evidence which may aid in a determination of the defendant's knowledge or intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.[32]

---

[32] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 7.05 (2023).

## JURY INSTRUCTION NO. 29.
## Duties of Jury – At the Close of the Case

Throughout your deliberations, you can and should discuss with each other the evidence and the law that was presented in this case, but you must still not communicate with anyone else by any means about the case. You also cannot learn anything from outside sources about the case, the matters in the case, the legal issues in the case, or individuals or other entities involved in the case. This means you may still not use any electronic device or media (such as a phone, computer, or tablet), the internet, any text or instant messaging service, or any social media apps (such as Twitter, Facebook, Instagram, LinkedIn, YouTube, WhatsApp, Snapchat, Tiktok, or NextDoor) to research or communicate about what you've seen and heard in this courtroom.

These restrictions continue during deliberations because it is essential, under our Constitution, that you decide this case based solely on the evidence and law presented in this courtroom. Information you find electronically might be incomplete, misleading, or inaccurate. And, as I noted in my instructions at the start of the trial, even using your smartphones, tablets, and computers— and the news and social media apps on those devices—may inadvertently expose you to certain notices, such as pop-ups or advertisements, that could influence your consideration of the matters you've heard about in this courtroom.

You are permitted to discuss the case with only your fellow jurors during deliberations because they have seen and heard the same evidence and instructions on the law that you have, and it is important that you decide this case solely on the evidence presented during the trial, without undue influence by anything or anyone outside of the courtroom.  For this reason, I expect you to inform me at the earliest opportunity, should you learn about or share any information about this case outside of this courtroom or the jury room, or learn that another juror has done so.[33]

---

[33] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 2.25 (2023).

JURY INSTRUCTION NO. 30.
**Election of Foreperson; Duty to Deliberate; Punishment Not a
Factor; Communications with Court; Cautionary; Verdict Form**

In conducting your deliberations and returning your verdict, there are certain rules you must follow.  I shall list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson.  That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room.  You should try to reach agreement if you can do so without violence to individual judgment, because a verdict—whether guilty or not guilty—must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if the defendant is found guilty, the sentence to be imposed is my responsibility.  You may not consider punishment in any way in deciding whether the government has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone - including me - how your votes stand numerically.

*Fifth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict whether guilty or not guilty must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be – that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. [The form reads: (read form)]. You will take this form to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.[34]

---

[34] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 3.12 (2023).