UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 24-246 (JMB/SGE)

| | |
|---|---|
| UNITED STATES OF AMERICA, | **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE** |
| Plaintiff, | |
| v. | |
| ROBERTO CARLOS MUÑOZ-GUATEMALA, | |
| Defendant. | |

The United States of America, by and through its undersigned attorneys, respectfully submits this response to the defendant's motion in limine seeking to preclude the government from impeaching him with his prior felony conviction for Fourth Degree Criminal Sexual Conduct.

The government's second motion in limine seeks permission to impeach the defendant with his prior felony conviction, so the government incorporates its argument in support of its own motion in limine here. In support of his own motion, however, the defendant relies principally upon *United States v. Chaika*, 695 F.3d 741 (8th Cir. 2012). That reliance is misplaced.

*Chaika* addresses a question fundamentally different from the one here—whether impeachment using a prior felony conviction for sexual assault is appropriate where that conviction has minimal probative value compared to

1

other impeachment evidence at the opposing party's disposal. *Id.* at 744-45 (acknowledging decisions in other criminal cases precluding evidence of prior sexual assault where the opposing party "had ample other bases to challenge the witness's truthfulness"). In *Chaika*, the Eighth Circuit determined that the probative value of the prior sexual offense was minimal because the defense could impeach the witness, a cooperating defendant, with far "more potent 'ammunition'" than the prior sexual offense, including the cooperating defendant's "guilty plea, promise to cooperate, and hoped-for leniency." *Id.* at 745.

The cases cited in *Chaika* relied on the same reasoning—the prior sexual offense had lesser impeachment value because it was cumulative. In *United States v. Jackson*, the Fifth Circuit affirmed the exclusion of impeachment with a 20-year-old sexual assault conviction because "there was ample reason for the jury to find [the witness] untrustworthy" without introducing the old conviction. 549 F.3d 963, 978 (5th Cir. 2005). Those reasons included: (1) the witness had been convicted of several of other crimes; (2) he was in prison at the time of the trial for a bank robbery; (3) the government agreed to "attempt to get his bank robbery sentence reduced in exchange for his testimony"; and (4) the witness had a history of mental issues and drug abuse. *Id.* at 978-79. Where the prior conviction had "mostly cumulative probative value," the district court did not abuse its discretion by excluding it. *Id.* at 979.

In *United States v. Begay*, the Tenth Circuit precluded impeachment using a prior nearly-ten-years-old rape conviction. 144 F.3d 1336, 1339 (10th Cir. 1998). But, as in *Chaika* and *Jackson*, there was other more potent impeachment evidence available that rendered the rape conviction of lesser probative value: the district court permitted impeachment of that witness with a separate criminal conviction and "two incidents in which [the witness] lied to law enforcement officers." *Id.*

Here, impeachment of the defendant using his prior conviction for criminal sexual conduct is not "mostly cumulative." *See Jackson*, 549 F.3d at 979. Nor is the conviction at issue 8, 10, or 20 years old. The defendant was convicted of Fourth Degree Criminal Sexual Conduct less than two years before the instant offense. The defendant was on supervised probation when that assault occurred, and that supervised probation was not set to expire until October 2028.

In *United States v. Mosby*, the Eighth Circuit left no doubt as to whether a crime's sexual nature renders it unfairly prejudicial—it does not. 101 F.3d 1278, 1283-84 (8th Cir. 1996) ("While we agree that evidence that a defendant had once committed a sexual crime may be prejudicial, we do not believe that it is unfairly prejudicial.") This Court should follow *Mosby*'s clear guidance and permit the government to impeach the defendant using his recent

3

conviction for Fourth Degree Criminal Sexual Conduct.[1] The Court should deny the defendant's motion in limine.

Dated: November 24, 2025 　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　DANIEL N. ROSEN
　　　　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　　　　　*/s/ Raphael B. Coburn*
　　　　　　　　　　　　　　　　　　　　　　BY: RAPHAEL B. COBURN
　　　　　　　　　　　　　　　　　　　　　　BY: THOMAS CALHOUN-LOPEZ
　　　　　　　　　　　　　　　　　　　　　　Assistant United States Attorneys

---

[1] If the Court concludes that the nature of the defendant's prior conviction renders is unfairly prejudicial, the Court should still permit the government to impeach the defendant using the fact of his felony conviction without naming it, its age, and its current disposition. *See United States v. Ford*, 17 F.3d 1100, 1103 (8th Cir. 1994) (noting that "in an appropriate case [the trial judge] might exclude the names of specific crimes" for purposes of impeachment); *see also United States v. Shelledy*, 961 F.3d 1014, 1023 (8th Cir. 2020) (permitting impeachment concerning the nature, place and date of the offense, and sentence imposed); *United States v. Holt*, No. 23-CR-266 (KMM/DTS), 2024 WL 100913, at *1 (D. Minn. Jan. 9, 2024) (concluding that it is within the district court's discretion to exclude the name of a prior felony conviction while still allowing impeachment using the fact of a felony conviction).