UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 25-CR-246 (JMB/SGE))

_____

United States of America,

       Plaintiff,

                            **DEFENDANT ROBERTO CARLOS MUNOZ-GUATEMALA'S RESPONSES TO GOVERNMENT'S MOTIONS**

v.

Roberto Munoz-Guatemala,

       Defendant.

_____

       Defendant Roberto Carlos Munoz-Guatemala, through undersigned counsel, respectfully submits this response to the government's motions in limine:

## 1. RESPONSE TO GOV'S MOTION IN LIMINE NO. 1 TO PRECLUDE SELF-DEFENSE CLAIM OR ARGUMENT THAT THE DEFENDANT DID NOT KNOW THE VICTIM'S OFFICIAL STATUS

       The defendant has not asserted the affirmative defense of self-defense and

does not intend to offer evidence that he acted in self-defense.   In other words,

defendant does not intend to argue he committed an assault but that the force was

legally justified.  Additionally, defendant agrees that the Government need not

prove the alleged victim was a federal officer.  Instead, the Government must

simply prove the alleged victim was a law enforcement officer.[1] However, defendant's state of mind as to whether he was being assaulted or carjacked is highly relevant to the issue of his intent and must be admitted.

The Government is required to prove the defendant had the requisite intent to assault the officer. If defendant's intent was to drive away from a perceived assault or carjacking, the evidence of whether he knew the alleged victim was a law enforcement officer is highly relevant both to his state of mind--whether he was intentionally committing an assault or was simply driving away from a perceived assault against him. Indeed, the 911 call placed on his behalf after the incident shows the defendant believed he was the victim of an assault.[2] This evidence is highly probative on the issue of intent, and the defendant is entitled to present his theory of the case to the jury. *See United States v. Petters*, 663 F.3d 375, 381(8th Cir. 2011) (the Constitution affords "criminal defendants a meaningful opportunity to present a complete defense").

## 2. RESPONSE TO GOV'S MOTION IN LIMINE NO. 2 TO PERMIT IMPEACHMENT UNDER FRE 609

In its motion seeking to impeach the defendant with a prior conviction for a sex offense, the government largely relies on dictum in *United States v. Mosby*, 101

---

[1] See the parties jointly filed Proposed Jury Instructions.
[2] The defendant does not speak English and had a person call 911 on his behalf, essentially asking as a translator.

F.3d 1278, 1283, n.8 (8th Cir, 1996) and on inapplicable civil cases.  The government's reliance on this authority is misplaced.

In *Mosby*, the government had the burden to prove the defendant had a prior felony conviction for the purpose of proving he was prohibited from possessing ammunition.  *Mosby* at 1283.   The Government offered this evidence in its case-in-chief, as the defendant did not stipulate that he had the predicate felony.  Id. at 1283, n.9.  The Court held that since the government carried the burden to prove the predicate felony, it was not an abuse of discretion to admit the evidence.

In a footnote the Court, addressing an issue seemingly not raised in the district court, opined that the district court did not abuse its discretion by admitting the evidence as impeachment, which had already come in in the government's case-in-chief.  *Id* at n. 8.   In making this determination, the Court cited dictum in *Jones v. Collier*, 762 f.2D 71, 72, N.2 (8TH Cir. 1993) where the defendant waived any objection by offering the evidence in its own case-in-chief.  Id.

In this case, the Court must exercise its discretion in determining whether the probative value is outweighed by the prejudicial effect.  For reasons argued in defendant's Motion in Limine, the Court should prohibit the government from impeaching defendant with the highly inflammatory evidence that he has a prior felony conviction for a sex offense.

### 3. RESPONSE TO GOV'S MOTION IN LIMINE NO. 3 TO PRECLUDE INADMISSIBLE HEARSAY

Defendant seeks to offer evidence of a 911 call made right after this incident by an individual at the direction of the defendant.[3] This evidence is not hearsay as it is not offered to prove the truth of the matter asserted, i.e. that defendant was assaulted by individuals who were pretending to be law enforcement. Here, the evidence would be offered to bolster defendant's belief that he was being assaulted by individuals claiming to be law enforcement which is highly relevant to the issue of defendant's intent. Fed. R. Evid. 801(c). It is also admissible as an excited utterance made with the assistance of a translator. Fed. R. Evid 803(2).

### 4. RESPONSE TO GOV'S MOTION IN LIMINE NO. 4 TO PRECLUDE JURY NULLIFICATION

Counsel for the defendant does not intend to argue, present evidence, or pursue lines of inquiry designed to elicit jury nullification.


Dated: __11/25/2025____          _/s/Eric L. Newmark___
                                 Eric L. Newmark
                                 MN Atty No. 259792)
                                 Attorney for Defendant
                                 1600 Hopkins Crossroad
                                 Minnetonka, MN 55305
                                 (612) 464-1161
                                 eric@newmarklawoffice.com

---

[3] See footnote 2.