**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

United States of America,

      Plaintiff,

v.

Roberto Carlos Muñoz-Guatemala,

      Defendant.

File No. 25-CR-0246 (JMB/SGE)

**ORDER**

---

This matter is before the Court on Defendant Roberto Carlos Muñoz-Guatemala's Motion for Discovery.  (Doc. No. 102.)  For the reasons discussed below, the Court grants the motion in part, requiring the Government to provide some of the requested information to the Magistrate Judge for in camera review.  The Magistrate Judge will review this evidence and determine whether the Government must disclose any of it to Muñoz-Guatemala prior to sentencing.  The motion is otherwise denied without prejudice at this time.

On June 18, 2025, Muñoz-Guatemala was charged with one count of Assault on a Federal Officer with a Dangerous or Deadly Weapon and Resulting in Bodily Injury in violation of 18 U.S.C. §§ 111(a)(1) and 111(b).  (Doc. No. 4.)  This charge stemmed from an interaction between Muñoz-Guatemala and Immigration and Customs Enforcement (ICE) Enforcement and Removal Operations (ERO) officer Jonathan Ross that took place on June 17, 2025, while Muñoz-Guatemala was behind the wheel of his vehicle.  (*Id.*)  Following a three-day trial in December 2025, a jury returned a verdict of guilty.  (Doc.

1

No. 73.)  Four weeks later, on January 7, 2026, Ross shot and killed a U.S. citizen in Minneapolis when she was behind the wheel of her vehicle.

On February 6, 2026, Muñoz-Guatemala filed the instant motion, seeking the Government's disclosure of certain personnel and training information concerning Ross, as well as the full investigative file related to the shooting on January 7.  Muñoz-Guatemala argues that this discovery is necessary for him to explore mitigation factors at sentencing and to assess whether there is any basis to request a new trial.  The Government opposes the Motion, arguing that Muñoz-Guatemala is not entitled to post-trial discovery.

The Court agrees with Muñoz-Guatemala that limited disclosure may be necessary for two reasons.  First, contrary to the Government's argument, the Government's discovery obligations are ongoing and continue through the sentencing proceeding:[1] "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt *or to punishment*."  *Brady v. Maryland,* 373 U.S. 83, 88–89 (1963) (remanding for new punishment proceedings, but not a new trial as a result of the prosecutions failure to disclose evidence material to sentencing) (emphasis added); *see also Cone v. Bell*, 556 U.S. 449, 473–75 (2009) (concluding that the prosecution violated *Brady* when it failed to disclose evidence relating

---

[1] Separate from the Government's constitutional obligations, courts have also cited the American Bar Association standards, which call for prosecutors to disclose any evidence that tends to, among other things, "reduce the punishment of the accused."  *See Kyles v. Whitley,* 514 U.S. 419, 433–34, (1995).  In addition, the Department of Justice Manual also applies *Brady* and *Giglio* obligations to sentencing proceedings and sentencing factors, mandating that federal prosectors disclose exculpatory or impeachment information relating to sentencing factors.  U.S. Dep't of Just., Justice Manual § 9-5.001(d)(3).

to the defendant's drug addiction, which impacted the determination of a sentencing factor); *Banks v. Dretke*, 540 U.S. 668, 675–76 (2004) (concluding that the prosecution violated *Brady* when it failed to disclose that its key witness during penalty phase was also a government informant, which impacted the determination of the sentence); *Dansby v. Payne*, 47 F.4th 647, 660 (8th Cir. 2022) (acknowledging that failure to disclose evidence material to sentencing can be a *Brady* violation); *Basden v. Lee*, 290 F.3d 602, 611 (4th Cir. 2002) (holding that *Brady* applies to evidence material to sentencing).

Second, the requested disclosure relates to what the Court anticipates will be one of Muñoz-Guatemala's main arguments for mitigation, and would, therefore, be material to the sentencing proceeding. *See, e.g.*, *United States v. Almendares,* 397 F.3d 653, 664 (8th Cir. 2005) (observing that, for purposes of the Government's disclosure obligations, evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different"). Pursuant to 18 U.S.C. § 3553(a), the Court considers multiple factors when imposing a sentence, including "the nature and circumstances of the offense." 18 U.S.C. § 3553(a)(1). The victim's behavior—here, Ross's—is related to "the nature and circumstances of the offense." *See* U.S. Sentencing Comm'n Guidelines Manual § 5K2.10 (2024) (requiring consideration of "Victim's Conduct" and providing that "[i]f the victim's wrongful conduct contributed significantly to provoking the offense behavior, the court may reduce the sentence below the guideline range to reflect the nature and circumstances of the

3

offense");[2] *see also Koon v. United States*, 518 U.S. 81, 101 (1996) (affirming the district court's decision to depart downward when sentencing a police officer for using excessive force against the victim because the victim's conduct significantly provoked the police officer); *Blankenship v. United States,* 159 F.3d 336, 339 (8th Cir.1998) ("A section 5K2.10 motion for downward departure is warranted when the victim's behavior significantly contributed to provoking the behavior of the offense." (emphasis omitted)); *United States v. Yellow Earrings*, 891 F.2d 650, 653–54 (8th Cir. 1989) (affirming the district court's conclusion that the victim's misconduct "substantially contributed to provoking the offense behavior," thereby supporting "a considerable departure" at sentencing).

In this case, the requested disclosure to the defense may relate to sentencing mitigation because Muñoz-Guatemala argues that his culpability depends on a determination of "the danger Ross presented to Defendant in June of 2025 as well as the reasonableness of Defendant's decision to leave the scene." (Doc. No. 120 at 18.) Ross's conduct falls within "the nature and circumstances of the offense," such that any excessive, unprofessional, or unlawful actions taken during the encounter with Muñoz-Guatemala could impact the Court's consideration of Muñoz-Guatemala's actions and reactions. Therefore, an in camera review is necessary to determine whether any disclosures must be

---

[2] Although the 2025 Amendments removed several provisions establishing departures and pronouncing policy statements as part of an effort to simplify the guidelines, the specific bases for departures remain part of courts' sentencing consideration of the section 3553(a) factors, including the nature and circumstances of the offense.

made to Muñoz-Guatemala for purposes of determining mitigating factors at sentencing.[3]

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT Defendant Roberto Carlos Muñoz-Guatemala's Motion for Discovery (Doc. No. 102) is GRANTED in part, as follows:

1.    On or before May 1, 2026, the Government[4] shall provide, for in camera review, all of the following <u>unredacted</u> documents and evidence in its possession, custody, or control, to the Magistrate Judge:

a.    Jonathan Ross's complete training and personnel files for the entire duration of his federal employment.

b.    Copies of all applicable policies that were in effect on June 17, 2025, and on January 7, 2026, from the United States Department of Homeland Security, ICE, and ERO concerning: (1) the proper use of force; (2) use-of-force training options or requirements applicable to EROs; (3) officer-involved shootings, including but not limited to investigations of officer-involved shootings and efforts to prevent officer-involved shootings.

c.    Any and all statements made by Jonathan Ross in the 60 minutes prior to and during the shooting on January 7.

d.    Any and all statements by Jonathan Ross on January 7, 2026, through May 1, 2026, that were made: (1) pursuant to any investigation of the January 7 shooting; (2) concerning any investigation of the January 7 shooting; (3) concerning the victim of the January 7 shooting or

---

[3] The Court is not convinced, however, that the entire investigative file would reasonably have information or evidence relevant to sentencing. Thus, the Court will require the Government to provide only certain portions of the file. To aid the parties, the Court carefully enumerates below the specific items that must be provided for in camera review.

[4] For purposes of this order, the Government includes the United States Attorney's Office for the District of Minnesota, the United States Department of Justice, the United States Department of Homeland Security, ICE, ERO, Jonathan Ross, or any other office or agency of the federal government. In addition, because Muñoz-Guatemala has not made clear allegations that the Government failed to comply with its discovery obligations concerning the encounter between officers of the federal government and Muñoz-Guatemala on June 17, 2025, the focus of this Order remains the encounter between officers of the federal government and the victim of the January 7 shooting.

members of her family; or (4) concerning the encounter between officers of the federal government and the victim of the January 7 shooting.

e.  Any and all statements made on January 7, 2026, through May 1, 2026, by any federal officer or employee who witnessed, or was directly or indirectly involved in, the encounter between officers of the federal government and the victim of the January 7 shooting.

f.  Any and all statements made by any person, other than federal officers and employees, who witnessed the encounter between officers of the federal government and the victim of the January 7 shooting, made at any time on January 7, 2026, through May 1, 2026.

g.  Copies of any and all medical examinations of Jonathan Ross, including any laboratory results—such as breath tests, blood tests, or other drug tests—conducted, related to, or as a result of his involvement in the January 7 shooting.

h.  Copies of any and all evaluations and medical examinations of Jonathan Ross relating or relevant to a determination of Jonathan Ross's fitness for duty that may have been undertaken on or after January 7, 2026, through May 1, 2026.  Such evaluations may include, but are not limited to, psychological or mental health evaluations and laboratory results.

i.  Copies of any and all reports completed at any time that reference, summarize, or otherwise include data taken from any cell phone used or accessed by Jonathan Ross on January 7, 2026.

j.  Any and all photographic, video, and audio recordings—including audio and video footage captured by any and all cameras from federal government vehicles and body-worn cameras—that capture or depict the 30 minutes prior to the January 7 shooting through 60 minutes after the January 7 shooting or through the time when Jonathan Ross left the scene of the January 7 shooting.

k.  Any and all statements made by Jonathan Ross concerning his interactions with Muñoz-Guatemala or concerning this case that were made on January 7, 2026, through May 1, 2026.

2.  All documents and other evidence that the Government provides to the Magistrate Judge must be Bates-labeled. The Government must also provide a list or table that informs the Magistrate Judge, with reference to the Bates

6

numbers, which documents or page ranges are responsive to which subparagraphs of Paragraph 1 of this Order. In the event that the Government does not have any evidence in its possession, custody, or control that is responsive to a particular item, the Government must so state, with clear reference to the item letter, and a brief description of the efforts undertaken to look for such evidence.

3. Following in camera review of all unredacted evidence provided, the Magistrate Judge shall determine whether any of the evidence is material to the Court's consideration of the statutory sentencing factors and shall issue a written decision denying Muñoz-Guatemala's request for disclosure or ordering the Government to produce evidence, by reference to Bates label, to Muñoz-Guatemala. The Magistrate Judge shall have discretion to determine the most appropriate method and timing for any required disclosures to Muñoz-Guatemala. In addition, the Magistrate Judge shall also have discretion to address any other discovery issues, and any issues that may arise related to this Order.

4. After issuance of the nondispositive decision referenced in Paragraph 3, the parties may seek review of the Magistrate Judge's decision as set forth in Local Rule 72.2(a).

5. Muñoz-Guatemala's motion (Doc. No. 102) is DENIED in all other respects.

Dated:  April 9, 2026

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court

7