**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
Criminal No. 25-246 (JMB/SGE)

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER FOR GOVERNMENT** |
| v. | ) | **AFFIDAVIT** |
| | ) | |
| Roberto Carlos Muñoz-Guatemala, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant Roberto Carlos Muñoz-Guatemala's

Motion for Discovery (Dkt. 102), and the District Court's Order (Dkt. 116) directing the

Government to provide information to the Magistrate Judge for *in camera* review.

Specifically, the District Court ordered the Government [1] to provide "unredacted

documents and evidence in its possession, custody, or control" involving evidence

favorable to the accused and "material to either guilt or punishment" for Mr. Muñoz-

Guatemala pursuant to *Brady v. Maryland*, 373 U.S. 83, 88-89 (1963) and its progeny.

(Dkt. 116 at 2; *id.* at 5.). Additionally, the District Court found the Defendant's requested

disclosures would likely relate to sentencing proceedings and may provide sentencing

mitigation to the "circumstances of the offense" pursuant to 18 U.S. C. §3553(a) and

U.S.S.G. §5K2.10 (2024). (*Id.* at 3.)

---

[1] The District Court's Order specifically defines the term "Government" as, "the United States Attorney's Office for the District of Minnesota, the United States Department of Justice, the United States Department of Homeland Security, ICE, ERO, Jonathan Ross, or any other office or agency of the federal government." (Dkt. 116, n. 4).

In its Order, the District Court specifically itemized what the Government was required to produce. Unfortunately, production to this Court has fallen short of what was ordered. For many of the items, the Government claims that the materials do not exist or cannot be obtained. This Court, therefore, orders the Government to file an Affidavit (hereinafter, "the Affidavit") as to any measures taken to procure the ordered and unproduced documents and evidence in the possession, custody, or control of (1) the U.S. Attorney's Office for the District of Minnesota, (2) the United States Department of Justice, (3) the United States Department of Homeland Security, (4) ICE, (5) ERO, (6) Jonathan Ross, or (7) any other office or agency of the federal government. (Dkt. 116 at n.4.) In each instance, the Government shall identify the agency and person contacted for information in an attempt to comply with the District Court's Order.

**COURT ORDERED DISCOVERY (DKT. 116):**

a. **Jonathan Ross's complete training and personnel files for the entire duration of his federal employment.**

The Court has received the training and personnel file of Jonathan Ross for the duration of his employment and is satisfied that the Government has partially complied with the District Court's Order. The Government has produced some records, documents and evidence in its possession, custody, and control. Specifically, the Government has produced documents from the Office of Professional Responsibility, disclosed as "OPR Records," Bates 00000587-00000602. Within these records, at Bates 593 and 601, the OPR Record states, "originating documentation is attached to the case file," however no originating documentation was attached nor has been produced. Thus, the Government is

required to include in its Affidavit all measures taken to procure Mr. Ross's complete personnel files for the entire duration of his federal employment. If no further documents can be produced, the Government shall explain why documents previously attached to the OPR Record are no longer available.

b. **Copies of all applicable policies that were in effect on June 17, 2025, and on January 7, 2026, from the United States Department of Homeland Security, ICE, and ERO concerning: (1) the proper use of force; (2) use-of-force training options or requirements applicable to EROs; (3) officer-involved shootings, including but not limited to investigations of officer-involved shootings and efforts to prevent officer-involved shootings.**

The Court has received the Enforcement and Removal Operations Special Response Team Handbook and the Use of Force Handbook from U.S. Immigration and Customs Enforcement, dated October 6, 2022, and August 2, 2021, respectively. And the Court is satisfied that the Government has partially complied with the District Court's Order.

The Government, however, shall explain in its Affidavit the attempts at collecting any policies from DHS that were in effect on June 17, 2026, concerning: (1) the proper use of force; (2) use-of-force training options or requirements applicable to EROs; (3) officer-involved shootings, including but not limited to investigations of officer-involved shootings and efforts to prevent officer-involved shootings, and (4) whether such policies exist.

c. **Any and all statements made by Jonathan Ross in the 60 minutes prior to and during the shooting on January 7.**

The Court is satisfied that the Government has partially complied with the District Court's Order but orders the Government to include in its Affidavit any attempts at

retrieving messages, calls, or other information regarding statements made by Mr. Ross in the 60 minutes prior to the January 7th shooting.

    d. **Any and all statements by Jonathan Ross on January 7, 2026, through May 1, 2026, that were made: (1) pursuant to any investigation of the January 7 shooting; (2) concerning any investigation of the January 7 shooting; (3) concerning the victim of the January 7 shooting or members of her family; or (4) concerning the encounter between officers of the federal government and the victim of the January 7 shooting.**

The Court is satisfied that the Government has partially complied with the District Court's Order but orders the Government to include in its Affidavit any attempts at finding any alleged statements made by Jonathan Ross in the relevant timeframe.

    e. **Any and all statements made on January 7, 2026, through May 1, 2026, by any federal officer or employee who witnessed, or was directly or indirectly involved in, the encounter between officers of the federal government and the victim of the January 7 shooting.**

The Court is satisfied that the Government has partially complied with the District Court's Order but orders the Government to include in its Affidavit any attempts at finding any alleged statements made by Jonathan Ross in the relevant timeframe.

    f. **Any and all statements made by any person, other than federal officers and employees, who witnessed the encounter between officers of the federal government and the victim of the January 7 shooting, made at any time on January 7, 2026, through May 1, 2026.**

The Court has received limited information and is unaware if any non-law enforcement or non-victim witnesses were identified or if their statements were taken. The Government shall address this portion of the District Court's Order in its Affidavit.

    g. **Copies of any and all medical examinations of Jonathan Ross, including any laboratory results—such as breath tests, blood tests, or other drug tests— conducted, related to, or as a result of his involvement in the January 7 shooting.**

The Court is partially satisfied that the U.S. Attorney's Office has disclosed what it has in its possession. The Government shall specify for the Court in its Affidavit, however, what attempts were made in receiving this information from Mr. Ross or any of its agencies.

h. **Copies of any and all evaluations and medical examinations of Jonathan Ross relating or relevant to a determination of Jonathan Ross's fitness for duty that may have been undertaken on or after January 7, 2026, through May 1, 2026. Such evaluations may include, but are not limited to, psychological or mental health evaluations and laboratory results.**

The Court is uncertain if this information exists, therefore the Government shall address this portion of the District Court's Order in its Affidavit.

i. **Copies of any and all reports completed at any time that reference, summarize, or otherwise include data taken from any cell phone used or accessed by Jonathan Ross on January 7, 2026.**

The Court has been informed that no reports regarding Jonathan Ross's cell phone were completed but orders the Government to confirm, in its Affidavit, who possesses the phone and who informed the U.S. Attorney's Office that no analysis was done through Cellebrite or any other Universal Forensic Extraction Device software used for analyzing cellular phones.

j. **Any and all photographic, video, and audio recordings—including audio and video footage captured by any and all cameras from federal government vehicles and body-worn cameras—that capture or depict the 30 minutes prior to the January 7 shooting through 60 minutes after the January 7 shooting or through the time when Jonathan Ross left the scene of the January 7 shooting.**

The Court is concerned with the lack of photographic, video, and audio recordings from the federal agencies: DHS, ICE, ERO, and Jonathan Ross. While information from

5

the State Law Enforcement has been provided by the U.S. Attorney's Office, the Government shall explain, in its Affidavit, which agencies and agents it contacted for this information and their responses to this request.

**k. Any and all statements made by Jonathan Ross concerning his interactions with Muñoz-Guatemala or concerning this case that were made on January 7, 2026, through May 1, 2026.**

The Court has not received any discovery on this topic. In its Affidavit, the Government is ordered to explain what was done to collect this information and if no information exists, who informed the Government of its non-existence.

### **ORDER**

Based upon the District Court's Order (Dkt. 116) and this Court's review of the materials provided, **IT IS HEREBY ORDERED THAT** on or before August 14, 2026, the Government shall submit an Affidavit, under seal, directly addressing each of the eleven topics for which discovery was ordered by the Honorable Jeffrey M. Bryan as outlined above.

Dated:   July 31, 2026           *s/Shannon G. Elkins*
                                 SHANNON G. ELKINS
                                 United States Magistrate Judge